UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GAMAL ALI HILTON,

                Plaintiff,                Case No. 1:14-cv-1043

v.                                                  Honorable Paul L. Maloney

JAMES M. BATZER et al.,

                Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune from suit and for failure to state a claim upon which relief can be granted.

**Factual Allegations**

Plaintiff presently is incarcerated at the Kinross Correctional Facility. He sues Judge James M. Batzer of the Manistee County Circuit Court and Manistee County Clerk Jill M. Nowak.

Plaintiff alleges that Judge Batzer unlawfully denied his petition for writ of habeas corpus because the statute upon which Judge Batzer relied in denying his petition conflicted with "clearly established Federal and State Constitutional law." (Compl., docket #1, Page ID#3.) Plaintiff attempted to file a summons and complaint in the Manistee County Circuit Court apparently seeking redress against Judge Batzer for denying his petition. Plaintiff alleges that Clerk Nowak is obstructing him from filing his summons and complaint.

Specifically, Plaintiff asserts that in response to his letter inquiring about his case against Judge Batzer, on August 8, 2013, Clerk Nowak wrote to Plaintiff providing a case number and explaining that his summons and complaint had been filed. Plaintiff alleges his summons and complaint were not filed. Shortly, thereafter, on August 23, 2013, Clerk Nowak wrote to Plaintiff explaining that she had inadvertently given him the wrong case number, and providing him with the correct case number. Plaintiff alleges that Clerk Nowak also explained to Plaintiff that his summons and complaint had been filed and sent him a copy of the register of actions. Plaintiff contends that the information Clerk Nowak gave him was false as no summons or complaint had ever been filed. Plaintiff attaches the August 8 and 23, 2013 letters from Clerk Nowak as exhibits to the complaint. (*See* Compl., docket #1, Page ID#23, 33-34.) The register of actions reflects that a summons and complaint and petition for writ of habeas corpus were docketed on July 17, 2013.

On October 16, 2013, Plaintiff wrote to Clerk Nowak asking why his summons and complaint were not mailed back to him for service. Plaintiff asserts that in her response letter, Clerk

Nowak explained to him that his summons and complaint were not filed. Plaintiff attaches the October 10, 2013, letter from Clerk Nowak as an exhibit to the complaint. *See id.* at Page ID#25. The October 10, 2013, letter reflects that Clerk Nowak informed Plaintiff that there was a discrepancy in Plaintiff's filing, that Plaintiff received notice of the discrepancy and an opportunity to correct the problem, and that as of the date of the letter, Plaintiff had not rectified the problem. Plaintiff alleges that he filed a second summons and complaint which was rejected by Clerk Nowak.

Plaintiff filed a petition for superintending control with the Michigan Court of Appeals seeking an order directing Clerk Nowak to file his summons and complaint. The Michigan Court of Appeals denied Plaintiff's petition. Thereafter, Plaintiff filed a petition for superintending control in the Michigan Supreme Court. The Michigan Supreme Court refused to consider Plaintiff's petition until he paid an initial partial filing fee. Plaintiff filed a motion for reconsideration objecting to the Michigan Supreme Court demand that he pay a filing fee and explaining that he is indigent. Plaintiff's motion for reconsideration was denied.

As relief, Plaintiff seeks monetary damages.[1]

## Discussion

I. Immunity

A. Judge Batzer

Plaintiff claims that Judge Batzer unlawfully denied his petition for writ of habeas corpus. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v.*

---

[1] In addition to monetary damages, Plaintiff seeks an order of this Court issuing "a writ to initiate the actual habeas corpus proceeding to enforce Plaintiff's right secured by Federal and State constitution(s) . . . to obtain discharge from custody from void judgment that . . . the 3rd Circuit Court lacked subject matter jurisdiction to issue." (Compl., docket #1, Page ID#21.) This Court has no authority to issue a writ directing the state court to take any action in connection with this proceeding. *See Haggard v. Tennessee,* 421 F.2d 1384, 1386 (6th Cir. 1970) (noting that federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law).

*Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that ruling on Plaintiff's petition was a judicial act and that Judge Batzer was acting within his jurisdiction in so doing. Accordingly, Judge Batzer is absolutely immune from liability. Because Judge Batzer is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii).

B. Clerk Nowak

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.

1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk). *Cf. Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 437 & n.11 (1993) (court reporter not entitled to absolute immunity for preparing transcripts because that function is ministerial; it does not exercise the kind of judgment protected by judicial immunity). Clerk Nowak was clearly acting on behalf of the court when she refused to file or rejected Plaintiff's complaint. In her October 16, 2013 letter, Clerk Nowak explains that there was a problem with Plaintiff's filing that needed to be corrected and she assures Plaintiff that "upon receipt of the proper documents . . . we will promptly process and initiate the case." (Compl., docket #1, Page ID#25.) Because Clerk Nowak is entitled to quasi-judicial immunity, Plaintiff may not maintain an action against her for monetary damages.

II. Failure to State a Claim

Even if Defendants were not immune from suits, Plaintiff's allegations fail to state a claim against them. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's factual allegations nominally implicate Plaintiff's right to due process and to access the courts. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

Even assuming that Plaintiff has a protectible interest in having Judge Batzer rule on his habeas petition, Plaintiff does not claim that he was denied that interest without adequate process. Rather, Plaintiff simply does not like the result of the process he received. Plaintiff's allegations are insufficient to support a due process claim. Likewise, while Plaintiff may believe that Clerk Nowak interfered with his due process rights when she refused to file his summons and complaint because the documents did not comply with the court's rules of procedure, claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with

their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Consequently, Plaintiff fails to state a due process claim against Clerk Nowak.

Plaintiff also fails to state an access to courts claim. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that Defendants have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Because Plaintiff does not allege an actual injury to a non-frivlous claim, he fails to state an access to courts claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because Defendants are immune from suit and because Plaintiff fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   December 17, 2014          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    Chief United States District Judge